# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**PALM DEVELOPMENTS, INC. a Nevada corporation,**

        **Plaintiff,**

-vs-                                                    Case No. 2:08-cv-322-FtM-99DNF

**RIDGDILL & SONS, INC. a Florida corporation, JOHNSON-PREWITT & ASSOCIATES, INC. a Florida corporation,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, JOHNSON-PREWITT & ASSOCIATES, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE (Doc. No. 9)** |
| **FILED:** | **June 9, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Defendant, Johnson-Prewitt & Associates, Inc. ("Johnson") is requesting that the court dismiss this action based upon venue not being proper in the Middle District of Florida. Johnson claims that the contract it entered into between it and the Plaintiff, Palm Developments, Inc. ("Palm") sets forth the proper venue which is in the county or circuit courts of Hendry County, Florida. Palm asserts that venue is proper in the Middle District of Florida, Fort Myers Division. In the Complaint (Doc. 10,

Palm alleges against Johnson a Breach of Contract Claim in Count II, Negligence in Count III, Unenforceable Fraudulent Lien in Count V, Slander of Title in Count VII, and Quiet Title in Count IX.

This Action involves a development by Palm described as Sky Valley Subdivision located in Clewiston, Florida. Palm entered into a contract with Johnson entitled, "Agreement Between Owner and Engineer for Professional Services" on September 1, 2004, for engineering services for the development. The Agreement provides as follows regarding venue:

5. Controlling Law

A. This Agreement is to be governed by the law of the State of Florida. Owner and Engineer each agree venue for interpretation or enforcement of the Agreement shall be in the Hendry County, Florida county or circuit court, as may be applicable.

"Forum selection clauses are interpreted according to ordinary contract principles . . ." *Ocwen Orlando Holdings Corp, v. Harvard Property Trust, LLC*, 526 F.3d 1379, 1381 (11th Cir. 2008). A court must determine if a clause is either permissive or mandatory. *Id*. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Global Satellite Communication Co. v. Starmill, U.K. Limited*, 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999)).

In *Global Satellite Communication Co. v. Starmill, U.K. Limited*, 378 F.3d 1269 (11th Cir. 2004) the Court addressed a forum selection clause which provided that "venue shall be in Broward County, Florida. The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." *Id*. at 1271. The Eleventh Circuit found that Broward County was one of the nine counties within the Southern District of Florida. *Id*. The Court

considered whether the contract provision was either permissive or mandatory. *Id*. at 1272. Because the clause used the term "shall" the Eleventh Circuit found the clause to be mandatory, mandating that venue be in Broward County alone. *Id*. But since the provision did not specify federal or state court, and since both the state court and the Fort Lauderdale Division of the Southern District of Florida are located in Broward County, the Court found that the venue provision was satisfied by allowing litigation in federal court in the Southern District of Florida. *Id*. The Court concluded:

> However, the phrase 'submit to the jurisdiction of Broward County, Florida,' to be vague and imprecise. It fails to specify what kind of jurisdiction it is referring to, whether it be in personam or territorial and even, if we were to assume it refers to jurisdiction exercised by a forum, because it names only a geographical unit, host to several forums, we can only guess which of these it intended to designate. The phrase is simply ambiguous, it lends itself to several possible reasonable interpretations, and rather than strain to find that one should prevail over another, we must simply construe it against Global Satellite, the drafter.

*Id*. at 1274.

In the instant case, the forum selection clause is mandatory in that it requires that an interpretation or enforcement of the Agreement must be in Hendry County, Florida, and is mandatory that the action may be brought in county or circuit court in Hendry County, Florida. The Middle District of Florida, Fort Myers Division is neither a county or circuit court in Hendry County, Florida, and therefore, is not a proper forum for this case.

Palm argues that this action is neither an interpretation nor an enforcement of the Agreement at issue, and therefore, the forum selection clause in the Agreement does not apply. This case involves an alleged breach of the Agreement, and then the ramifications for the alleged breach of the Agreement. The Court determines that an interpretation and an enforcement of the Agreement are central to the resolution of the claims in this case. Palm also asserts that enforcement of the forum selection clause

is inconvenient. The Court is not persuaded by Palm's assertions. Therefore, the Court determines that the forum selection clause is to be enforced.

**IT IS FURTHER ORDERED:**

Johnson-Prewitt & Associates, Inc. is hereby dismissed from this action, and Counts II, III, V, VII, and IX are dismissed. The Clerk shall enter judgment at the conclusion of the case.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this ___23rd___ day of February, 2009.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record