**PALM DEVELOPMENTS, INC.** a Nevada
corporation,

          **Plaintiff,**

-vs-                                      Case No. 2:08-cv-322-FtM-DNF

**RIDGDILL & SONS, INC.** a Florida
corporation, **JOHNSON-PREWITT &
ASSOCIATES, INC.** a Florida corporation,

          **Defendants.**

_____

# ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AND STRIKE COMPLAINT** (Doc. No. 18) |
| **FILED:** | **June 30, 2008** |

**THEREON** it is **ORDERED** that the Motion to Dismiss is **GRANTED in part, and DENIED in part**, and the Motion to Strike is **GRANTED.**

The Defendant, Ridgdill & Son, Inc.( "Ridgdill") is requesting that the Court dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6) and strike a portion of the Complaint pursuant to Fed.R.Civ.P. 12(f). On July 30, 2008, the Plaintiff, Palm Developments, Inc. ("Palm") filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Strike Complaint (Doc. 27). The parties consented to proceed before a United States Magistrate Judge. (See, Doc. 73).

### I. Standard for Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The Court must construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007). The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65.

### II. Allegations in the Complaint

Palm is a Nevada corporation, and is the owner and developer of the Sky Valley Subdivision located in Clewiston, Florida. (Com.[1] ¶3). Johnson-Prewitt & Associates, Inc. ("Johnson") was named as a Defendant in this action, but has been dismissed recently. (See Order, Doc. 78). On September 12, 2004, Palm entered into an Agreement with Johnson to provide engineering services such as preparing plans, plats, and securing approval for permits from various governmental agencies. (Com. ¶9). Ridgdill is a Florida corporation and was the general contractor for the Sky Valley Subdivision. (Com. ¶4). On November 7, 2005, Palm entered into a contract with Ridgdill for civil site work at the Sky Valley Subdivision. (Com. ¶6). Pursuant to the terms of the contract, Ridgdill was to construct a perimeter berm around the subdivision, and perform other site work required by Hendry County.

---

[1] "Com." refers to the Complaint (Doc. 1).

(Com. ¶6). As the work progressed, Johnson recommended that Palm pay Ridgdill progress payments on the contract, and then recommended Palm make final payments to Ridgdill. (Com. ¶10). Palm asserts that the construction plans included the construction of a perimeter berm for drainage purposes, and this perimeter berm was included in the South Florida Water Management District permit issued on November 3, 2005, and was described in the plan approved by Hendry County in 2005. (Com. ¶11). Palm did not attach these documents to the Complaint due to the documents being voluminous, but did attach two pages of Johnson's Plans as Exhibit C. (Com. ¶11). Palm attached a copy of the contract with Ridgdill but did not attach the construction plans for Sky Valley due to their size and bulk. (Com. ¶12). Palm claims that Ridgdill failed and refused to perform the work and filed a fraudulent mechanics lien asserting that it had "substantially completed" its work on the property. (Com. ¶6). The work, including the perimeter berm was to be completed within 150 days of entering the contract, but Palm asserts that the work remains uncompleted causing damage to Palm which was compounded by the fraudulent mechanics lien. (Com. ¶8, 14).

In Count I, Palm asserts a claim for Breach of Contract asserting that Ridgdill breached the contract by failing to construct the perimeter berm, and other work on the site as was required in the contract documents. In this Count, Palm requests damages as well as specific performance. In Count IV, Palm alleges a claim for Unenforceable Fraudulent Lien of Ridgdill, arguing that Ridgdill caused a Claim of Lien to be recorded on December 8, 2006, and the President of Ridgdill, Morris Ridgdill executed a Sworn Statement of Account claiming that all work pursuant to the Contract had been "'substantially completed.'" (Com. ¶40). Ridgdill did waive and release the lien on March 13, 2007, in exchange for a promissory note and balloon mortgage. (Com. ¶42). In Count VI, Palm asserts a claim for Slander of Title. Palm alleges that Ridgdill slandered Palm's title in the Sky Valley

Development property by asserting false claims and statements disparaging the title. (Com. ¶56). In Count VIII, Palm asserts a claim for Quiet Title. Palm alleges that Ridgdill is not the owner of the Sky Valley Subdivision property, and Ridgdill asserted a claim or has a fraudulent lien on the property based upon a promissory note and mortgage. (Com. ¶64, 65). This lien clouds the title of the real property of the owner, Palm. (Com. ¶66).

### III. Analysis as to Motion to Dismiss

Ridgdill attached documents to its Motion to Dismiss. The first issue the Court must address is whether it will consider these documents, and if it does consider them, whether the Motion to Dismiss is converted to a Motion for Summary Judgment. Pursuant to Fed.R.Civ.P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Generally, a court must limit its consideration to the pleadings and exhibits attached to the pleadings when deciding a Rule 12(b)(6) motion. *Lewis v. Asplundh Tree Expert Co.*, 2008 WL 5411565, *4 (11th Cir. December 30, 2008). A court may consider a document not attached to a pleading if the document is central to the plaintiff's claim, and is undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'[U]ndisputed' means that the authenticity of the document is not challenged." *Id*. The documents need not be physically attached to the pleading "to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Id*., (citing *Harris v. Ivax Corp.,*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)).

Ridgdill asserts that the Complaint refers to the General Conditions Agreement and the construction plans but does not attach a complete copy of these documents. Ridgdill claims to have attached a complete copy of the General Conditions as Exhibit 1, and the construction plans as Exhibit 2. Ridgdill asserts that attached to the Complaint as Exhibit C are only a portion of pages 2 and 7 of the construction plans and the complaint has inferences that these two pages were effective as of November 7, 2005. Ridgdill asserts that the Court should review the complete documents that are mentioned in the Complaint without converting its motion to a motion for summary judgment.

In its discretion, the Court may review the documents attached to the Motion to Dismiss if they are central to the claim, and are not disputed. It is undisputed that the agreements between the parties are central to the claim. However, there is an issue as to whether the documents attached are disputed. In Footnote 2, in Palm's Memorandum of Law in Opposition (Doc. 27, p. 3), Palm states, "[b]ut the authenticity of what those plans [the plans Ridgdill attached to the Motion to Dismiss] purport to represent is not only questioned but disputed by Palm as Ridgdill has failed to set forth sufficient evidence supporting a finding that the matter in question, to wit: its flawed conclusion that the perimeter berm was not added until October 1, 2007, is what Ridgdill claims it is. Fed.R.Evid. 901(a)." Based upon Palm claiming some dispute as to the documents attached, the Court will not consider them, and will not consider any affidavits filed by Palm in its Opposition. The Court will not convert the Motion to Dismiss to a Motion for Summary Judgment.

**A. Breach of Contract**

Ridgdill asserts that the perimeter berm was not a part of the original plans, and therefore, the breach of contract claim should be dismissed. The elements for a breach of contract claim are: 1) a valid contract; 2) a material breach; and 3) damages. *Trowell v. South Financial Group, Inc.*, 2008

WL 4787142, *2 (11th Cir. November 4, 2008). Ridgdill relies on the documents it attached to its Motion to Dismiss to prove that no breach occurred, however, the Court will not consider these documents in its decision. In the Complaint, Palm alleges that its contract with Ridgdill did require Ridgdill to construct a perimeter berm. Ridgdill failed to construct a perimeter berm. The documents attached to the Complaint, do support the contention that a perimeter berm was a part of the contract. Therefore, Palm has alleged a claim for breach of contract sufficient to withstand a motion to dismiss.

Ridgdill also asserts that the remedy of specific performance is not permitted. Palm agrees to voluntarily dismiss its request for specific performance as to Count I. Therefore, the Court will dismiss the request for specific perform as damages as to Count I. All other claims and damage requests in Count I remain pending.

**B. Fraudulent Lien**

Ridgdill asserts that Palm failed to state a claim in Count IV for unenforceable fraudulent lien. Ridgdill asserts that the Sworn Statement of Claim was not fraudulent and that its work was substantially completed as the perimeter berm was not a part of the contract. Ridgdill argues that the lien was not fraudulent. Further, there is no mechanic's lien on the property based upon the Waiver and Release of Lien entered on March 13, 2007. (See, Exh. K, to the Com.). Ridgdill also argues that the Sworn Statement of Claim and the Claim of Lien are not fraudulent because they do not contain language stating that the perimeter berm was a part of the work completed and Ridgdill only charged Palm for the items in the bid letter.

Palm asserts that it has stated a claim for a Fraudulent Lien. Palm asserts that Ridgdill executed a Sworn Statement of Account, which included that the work was substantially completed, and the

work was not. Palm argues that Ridgdill failed to file the Claim of Lien or the sworn Statement of Claim in good faith.

Pursuant to Fla. Stat. §713.31(2)(a),

> Any lien asserted under this part in which the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he or she seeks to impress such lien or in which the lienor has compiled his or her claim with such willful and gross negligence as to amount to a willful exaggeration shall be deemed a fraudulent lien.

Palm alleges in the Complaint that Ridgdill filed a Claim of Lien for work that was not substantially completed. The president of Ridgdill filed a Sworn Statement of Account and willfully included a claim for work that was not done. Ridgdill then released the lien in exchange for a promissory note and mortgage on the property. Based upon the Complaint and exhibits thereto, Palm has alleged the elements for a fraudulent lien. Ridgdill provided no case law, and the Court could find none that held that a claim for a fraudulent lien is moot when the lien has been waived and released. Therefore, the Court denies the Motion to Dismiss on these issues.

**C. Slander of Title**

Ridgdill asserts that Palm fails to state a claim for Slander of Title in Count IV as there was no false statement by Ridgdill, and Palm failed to plead special damages. Palm argues that the elements of slander of title have been plead including special damages. In a slander or disparagement of title action a plaintiff must allege the following:

> (1) A falsehood (2) has been published, or communicated to a third person (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff and (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages are proximately caused as a result of the published falsehood.

*McAllister v. Breakers Seville Association*, 981 So.2d 566, 573 (Fla. 4th DCA 2008) (quoting *Bothmann v. Harrington*, 458 So.2d 1163, 1168 (Fla. 3rd DCA 1984)).

Palm alleges that Ridgdill falsely stated that its work was substantially completed in a Sworn Statement of Account and a Claim of Lien that was recorded and a later Promissory Note and Mortgage which were also recorded. Palm alleges that Ridgdill clouded the title knowing that by recording the fraudulent lien and then substituting the Promissory Note and Mortgage that Palm's national reputation as a developer would be damaged, and its ability to sell the retained lots in Sky Valley would be prevented. Palm has plead a claim for Slander of Title sufficient to withstand a motion to dismiss.

As special damages, Palm alleges a cloud on the title to the property, costs and attorney's fees to attempt to have the fraudulent lien and substituted Promissory Note and mortgage declared unenforceable, damages to its national business reputation, impairing its ability to sell retained lots in the development to the point that the sales were prevented, and punitive damages.

"If a case is in federal court based on diversity of citizenship, the forum state's law governs the substantive claims, but federal law governs the specificity with which to allege them." *Leavitt v. Cole*, 291 F.Supp.2d 1338, 1341 (M.D. Fla. 2003). Pursuant to Fed.R.Civ.P. 9, "[i]f an item of special damages is claimed, it must be specifically stated." Special damages "do not follow by implication of law merely upon proof of the breach" of contract. *Stein v. Paradigm Mirsol, LLC*, 551 F.Supp.2d 1323, 1331 (M.D. Fla. 2008). Special damages must be plead and must have been the "'foreseeable and normal consequences of the alleged wrongful conduct, and the conduct must be a substantial factor in bringing about the losses.'" *Falic v. Legg Mason Wood Walker, Inc.*, 347 F.Supp.2d 1260, 1269

(S.D.Fla. 2004). One example of special damages is the amount of attorney's fees incurred to remove a cloud on the title of the property at issue. *Id*.

In the instant case, Palm alleges special damages to include the cloud on its title, and the expenses and fees in seeking to remove the cloud on its title, as well as other damages. The Court finds that Palm has plead special damages with enough sufficiency to withstand a motion to dismiss. Therefore, the Motion to Dismiss is denied as to these issues.

**D. Quiet Title**

Ridgdill asserts that the Quiet Title claim in Count VIII fails for the same reasons that the fraudulent lien claim failed. The Court found that the fraudulent lien claim did not fail, and adopts its reasoning finding that Motion to Dismiss is denied as to the Quiet Title claim.

**E. Economic Loss Rule**

Ridgdill asserts that the Slander of Title and Quiet Title claims are barred by the economic loss rule in that they both directly relate to a dispute over the scope of the work under the construction agreement. Palm asserts that the economic loss rule does not bar a cause of action where a duty is breached apart from the breach of contract. "'The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses,' which the court defined as 'simply put, disappointed economic expectations.'" *Curd v. Mosaic Fertilizer, LLC*, 993 So.2d 1078, 1080 (Fla. 2nd DCA 2008). The purpose of the economic loss rule is to circumvent "the allocation of losses set forth in the contract by bringing an action for economic loss in tort and thereby 'seeking to obtain a better bargain than originally made.'" *Cessna Aircraft Co. v. Avior Technologies, Inc.*, 990 So. 2d 532, 537 (Fla. 3rd DCA 2008).

In the instant case, the breach of contract claim is for damages for the alleged failure to complete the construction for the site. Both the slander of title and the quiet title claims are an attempt to clear the title to the property and have different types of damages than those of the breach of contract. Therefore, the Court determines that the economic loss rule does not bar the slander of title and quiet title claims.

**IV. Motion to Strike**

Ridgdill argues that the claim for attorney's fees found in Count VIII of the Complaint as to the Quiet Title[2] claim should be stricken as premature. Attorney's fees are not recoverable under Florida Law absent a statutory or contractual agreement authorizing their recovery. *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004). Attorney's fees are not recoverable in a quiet title action. *Id.* The attorney's fees provision of Fla. Stat. §57.105 is for sanctions for an unsupported claim or defense. Ridgdill has not plead a defense and therefore, the request for attorney's fees pursuant to §57.105 is premature and will be stricken. Attorney's fees are not recoverable as a part of costs for quiet title actions, and therefore, the request for attorney's fees pursuant to Fla. Stat. §57.041 is also stricken. *See, Id.* at 252-53. Costs may be recoverable pursuant to Fla. Stat. §57.041, however, the Plaintiff must have obtained a judgment , and therefore the request for costs is premature as well and will be stricken.

---

[2] Ridgdill states that Count VIII is for Slander of Title, however, the request for attorney's fees and costs pursuant to Fla. Stat. §57.041 and 57.105 is found in the claim for Quiet Title.

**IT IS FURTHER ORDERED:**

1) The claim for specific performance in Count I is dismissed, and in all other respects the Motion to Dismiss is denied.

2) The Motion to Strike is granted and the requests for attorney's fees and costs pursuant to Fla. Stat. §§57.041 and 57.105 are hereby stricken from Count VIII, the Quiet Title claim.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this  27th  day of February, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record